UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-21286-RS

SEVENTH CHAKRA FILMS, LLC,

    Plaintiff,

v.

FRANCESCA ALESSE,

    Defendant.
_____/

**REPORT AND RECOMMENDATIONS**

    **THIS CAUSE** is before the Court upon Plaintiff Seventh Chakra Films, LLC's ("Seventh Chakra") Motion for Entitlement to Attorney's Fees and Costs or, Alternatively, Motion for Supplemental Relief (ECF No. 60). Defendant Francesca Alesse originally did not file a response. The District Court ordered Defendant to respond or show cause why Plaintiff's Motion should not be granted by default. (ECF No. 81). Defendant then filed a response (ECF No. 82), to which Plaintiff did not file a reply. The matter has been referred to the undersigned by the Honorable Rodney Smith, United States District Judge, to take all necessary and proper action as required by law and/or issue a Report and Recommendation regarding Seventh Chakra's Motion. (ECF No. 78). Having reviewed the Motion, Response, the record as a whole, and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion be **GRANTED, in part**, and **DENIED, in part**.

**I.    BACKGROUND**

    This case involves a dispute over a documentary film titled *1986: The Act* (the "Film"). The Film is a dramatic forensic examination of the 1986 National Childhood Vaccine Injury Act

1

and its consequences. Plaintiff Seventh Chakra produced the Film, which was completed in July 2020. At the time the Complaint was filed, Dr. Andrew Wakefield ("Wakefield") was the owner of Seventh Chakra. During production of the Film, Wakefield was Defendant's boss and supervisor. Defendant's work during the Film included technical work associated with making the film, including operating a camera, and all administrative tasks.

For production of the Film, Defendant provided some of her own equipment, but Plaintiff provided her with substantial equipment. Defendant did make some suggestions for the Film; many of these suggestions, however, were not accepted or incorporated into the Film. Defendant did not play a role in researching the subject matter for the Film or reviewing materials essential to planning and conducting interviews, nor did Plaintiff play any role in developing the timeline of events and facts that Wakefield put together as part of creating the Film's storyline. Defendant admitted that Wakefield, as the Screenwriter and Director of the Film, retained complete and exclusive control over the final content of the Film.

Defendant's employment was ultimately terminated. Defendant was unable to produce edited sequences of properly linked files of footage using AVID editing software for Wakefield. Wakefield decided to discard Defendant's editing work on December 20, 2019. Wakefield decided to terminate Defendant's employment on December 29, 2019.

At the time of Defendant's termination, Defendant had some of Plaintiff's equipment and digital content at her apartment. Wakefield requested those items be returned. Defendant's former counsel responded that Defendant was in possession of some of Plaintiff's equipment and that it would remain with Defendant pending settlement negotiations.

On February 20, 2020, Defendant filed a copyright registration for a motion picture, "The Act," with herself and Wakefield as authors. On May 11, 2020, Plaintiff and Wakefield filed a

copyright registration for the dramatic work (written script) "1986: The Act," awarded to Wakefield. On August 28, 2020, Defendant and Wakefield filed a copyright registration for the motion picture "1986: The Act," awarded to Seventh Chakra.

On June 23, 2020, Defendant filed a state court action claiming fifty percent ownership interest in the Film. The case was dismissed without prejudice in March 2021, in part, because the state court lacked jurisdiction over Defendant's copyright claims.

On April 5, 2021, Plaintiff filed this suit with claims for a declaratory judgment that Plaintiff is the sole owner of the Film copyright (Count 1), copyright infringement (Count 2), fraud in the inducement (Count 3), civil theft (Count 4), interference with prospective advantageous business relationship (Count 5), and malicious prosecution (Count 6). Defendant in answering the Complaint asserted counterclaims, including breach of oral contract, accounting for fifty percent of net proceeds from the Film, declaratory relief, and unjust enrichment.

Plaintiff moved for partial summary judgment on its claims for declaratory judgment that Plaintiff is the sole owner of the copyright of the Film, copyright infringement, and civil theft. Plaintiff additionally moved for summary judgment on all of Defendant's counterclaims.

On March 27, 2023, the District Court held that Plaintiff was entitled to a declaratory judgment that Plaintiff is the sole owner of all the copyrights in the Film and that Defendant's counterclaim for declaratory relief of co-ownership failed as a matter of law. The District Court held that Plaintiff had failed to establish entitlement to summary judgment as to copyright infringement, but was entitled to summary judgment on its count for civil theft. The District Court found that Plaintiff was entitled to summary judgment on Defendant's remaining counterclaims.

Plaintiff then filed the instant motion requesting a determination of Plaintiff's entitlement to attorney's fees and costs.

The District Court subsequently entered final judgment as to Plaintiff's Counts 1 and 4. The Court declared that Plaintiff is the sole owner of all copyrights of the Film and that Defendant must revoke, withdraw, and/or cancel her competing copyright registration. The Court found that Plaintiff is entitled to recover $107,328.12 in damages for Defendant's civil theft of Plaintiff's property. Plaintiff moved to dismiss its remaining claims, which was granted by the District Court.

## II. DISCUSSION

Plaintiff argues that its entitlement to fees derives from the District Court's Order granting summary judgment as to Plaintiff's declaratory judgment and civil theft claims and granting summary judgment in favor of Plaintiff as to all of Defendant's counterclaims.

Plaintiff argues that there are four grounds that entitle Plaintiff to fees in this case: (1) the Copyright Act, 17 U.S.C. § 505; (2) Florida's Civil Theft Statute; (3) Federal Rule of Civil Procedure 41(d); and (4) as supplemental relief under 28 U.S.C. § 2202.

### A. The Copyright Act

Under the Copyright Act, district courts have the discretion to award prevailing parties their attorney's fees. 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). Generally, courts award attorney's fees under § 505 in cases involving a finding of copyright infringement or noninfringement. *See InDyne, Inc. v. Abacus Tech. Corp.*, 587 F. App'x 552, 554 (11th Cir. 2014) ("A district court may award 'a reasonable attorney's fee to the prevailing party' in a civil copyright-infringement action."); *Dubay v. King*, No. 3:17-CV-348-J-20MCR, 2021 WL 7209882, at *3 (M.D. Fla. Jan. 22, 2021); *Caracol Television, S.A. v. Telemundo Television Studios, LLC*, No. 18-23443-CIV,

2022 WL 17583608, at *7 (S.D. Fla. Aug. 4, 2022). In support of this practice, § 505's title is "Remedies for *infringement*: Costs and attorney's fees." 17 U.S.C. § 505 (emphasis added).

In this case, Plaintiff did not succeed on its claim for copyright infringement as the District Court found that Plaintiff had not met its burden of establishing copyright infringement. Ultimately, the Court granted Plaintiff's motion to voluntarily dismiss its claim of copyright infringement.

However, Plaintiff argues that it is nonetheless entitled to an award of fees under § 505 because Plaintiff succeeded in obtaining a declaratory judgment that it is the sole owner of all copyrights in the Film. In support of this argument, Plaintiff cites to the language of § 505 that states courts may award reasonable attorney's fees "[i]n any civil action under this title." Plaintiff argues that Plaintiff brought an action to determine the ownership of the copyrights of the Film under Title 17, thus it is entitled to fees under § 505.

In seeking declaratory relief from the District Court, Plaintiff's cause of action stemmed from the Declaratory Judgment Act, which "provides courts the power to declare the rights and legal relations of parties 'in a case of actual controversy within its jurisdiction.'" *Venegas v. Am. Med. Response Ambulance Serv.*, No. 8:18-CV-1941-T-02AEP, 2018 WL 7078005, at *2 (M.D. Fla. Nov. 13, 2018), *report and recommendation approved sub nom. Venegas v. Am. Med. Response Ambulance Serv., Inc.*, No. 8:18-CV-1941-T-02AEP, 2019 WL 265181 (M.D. Fla. Jan. 18, 2019) (alterations omitted). The Declaratory Judgment Act, however, "is procedural in nature and is not an independent basis for federal jurisdiction." *Harvest Bible Chapel of Orlando, Inc. v. Grace Found.*, No. 616CV1872ORL22KRS, 2016 WL 11735381, at *3 (M.D. Fla. Dec. 15, 2016). The Declaratory Judgment Act and Copyright Act "work in tandem" and, "[i]n certain circumstances, 'jurisdiction in federal court arises under the [Declaratory Judgment Act] as well

as being premised on the need to construe the provisions of the Copyright Act." *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 363 (9th Cir. 2020).

Plaintiff asserted a claim for a declaratory judgment that it was the sole owner of the copyrights of the Film. Defendant asserted a counterclaim requesting declaratory relief that she was co-author of the Film and co-owner of the copyrights of the Film. The District Court declared that Plaintiff was the sole owner of the Film because Defendant was Plaintiff's employee and the Film was not a joint work. In rendering this determination, the District Court reviewed relevant Copyright Act provisions.

Regarding whether Defendant was an employee, the District Court noted that, under the Copyright Act, an employee has no copyrightable interest in a work made for hire, absent a written agreement specifying otherwise. *See* 17 U.S.C. § 201(b) ("In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright."). The District Court found that Defendant's admissions that she was employed to work at the sole direction and supervision of Wakefield and employed to edit the Film demonstrated that Defendant was an employee, and that any of her contributions to the Film belonged to Plaintiff under the Copyright Act.

In determining whether Defendant was a co-author of the Film, the District Court reviewed whether the Film was a joint work under the Copyright Act. *See* 17 U.S.C. § 101 ("A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."). To determine joint authorship under 17 U.S.C. § 101, the District Court reviewed whether, in this case, (1) an author superintended the work by exercising control, (2) putative coauthors made objective manifestations of a shared intent

to be coauthors, and (3) the audience appeal of the work turned on both contributions and the share of each in its success could not be appraised. *See Aalmuhammed v. Lee*, 202 F.3d 1227, 1234 (9th Cir. 2000). The District Court found that Defendant could not be considered a co-author because Wakefield possessed and exercised control over the final product, there was no manifested intent to be co-authors, and that if any audience appeal existed it would be attributable to Wakefield. The District Court additionally found that Defendant made no independently copyrightable contributions to the Film.

In this case, the Declaratory Judgment Act and Copyright Act were utilized in tandem because the District Court was required to construe the provisions of the Copyright Act to determine whether Plaintiff was entitled to a declaratory judgment. Thus, Plaintiff's claim for declaratory relief necessarily involved the Copyright Act and was a civil suit under Title 17 warranting fees under § 505. That Plaintiff was not successful on its claim for copyright infringement should not exclude Plaintiff from being entitled to fees under § 505. This conclusion is further supported by the language of § 505, which states that the court may award a reasonable attorney's fee "[i]n any civil action under this title."

While the courts in the Eleventh Circuit have not addressed whether declaratory relief entitles a party to attorney's fees under § 505, the Ninth Circuit addressed this issue in *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 363 (9th Cir. 2020). The Ninth Circuit held that "any action that turns on the existence of a valid copyright and whether that copyright has been infringed sufficiently invokes the Copyright Act as to allow for the discretionary award of attorney's fees. This ruling encompasses claims of copyright abandonment, even when asserted in a claim for declaratory relief." *Id.* In so finding, the Ninth Circuit noted that the Declaratory Judgment Act and the Copyright Act work in tandem and that the plaintiff's complaint, in bringing

a declaratory judgment claim for copyright abandonment, specifically invoked the Copyright Act. Indeed, in the instant case, Plaintiff's entitlement to declaratory relief implicates both the Declaratory Judgment Act and the Copyright Act and Plaintiff, in seeking a determination as to the ownership of the copyrights of the Film, similarly invoked the Copyright Act.

Accordingly, the undersigned finds that the declaratory judgment, that Plaintiff is the sole owner of the copyrights of the Film, renders Plaintiff eligible for attorney's fees under § 505.

Having determined that Plaintiff is eligible for fees under § 505, the Court now turns to whether Plaintiff is in fact entitled to said fees. The Copyright Act gives the court broad discretion to determine whether a party is the prevailing party. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1296 (S.D. Fla. 2015). While an award of fees is not mandated in every case, the Court applies the same standard whether the party prevailing is the plaintiff or the defendant. *Id.* at 196–97 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 520–21, 526 (1994)). If the trial court exercises its discretion to deny fees to the prevailing party, it must explain its decision to deny fees. *Casella v. Morris*, 820 F.2d 362, 367 (11th Cir. 1987).

Courts should consider certain factors in determining whether the prevailing party is entitled to attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness (both in the factual and legal components of the case); and (5) the need in particular circumstances to advance considerations of compensation and deterrence. *Katz*, 127 F. Supp. 3d at 1297 (citing *Fogerty*, 510 U.S. at 535 n.19). The Court is not required to weigh all of these factors, rather the Court should exercise its equitable discretion. *Id.*

Here, it is undisputed that Plaintiff is the prevailing party in this matter as the Court entered judgment in its favor.

The degree of success obtained weighs in favor of rewarding fees as Plaintiff obtained a determination that it was the sole owner of the copyrights of the Film. While the Court did not ultimately find in favor of Plaintiff as to copyright infringement, the Court did find in favor of Plaintiff on all of Defendant's counterclaims. Thus, the degree of success still weighs in Plaintiff's favor.

As to frivolousness, "[a] claim is frivolous if it is without arguable merit in either law or fact." *Davis v. Tampa Bay Arena, Ltd.*, No. 8:12-CV-60-T-30MAP, 2013 WL 4457408, at *1 (M.D. Fla. Aug. 16, 2013). The District Court found that Plaintiff was the sole owner of the copyrights of the Film due to, in part, Defendant's own admissions that she was an employee, and thus, not entitled to any copyrightable interest under the Copyright Act. The District Court found that Defendant's admissions further supported that the Film was not a joint work under the act, entitling Plaintiff to declaratory judgment. Some of these fatal admissions include that Wakefield had the final decision-making power as to the final cut of the Film and that Wakefield retained exclusive control over the final content of the Film. (ECF No. 43 at ¶¶ 27, 29). Defendant also did not deny that Wakefield was the sole author of the screenplay. (ECF No. 36 at ¶ 36); (ECF No. 43 at ¶ 36). All of the foregoing formed part of the basis for the District Court's decision that Plaintiff was the sole owner of the copyrights of the Film. Defendant's admissions demonstrate that her asserted counterclaims of co-ownership of the copyrights in this case were frivolous. Thus, this factor weighs in favor of awarding Plaintiff fees.

In determining the objective reasonableness of the losing party's position, the Court must consider "the clarity of the law with respect to the losing party's position at the time that the losing party pressed its argument." *Davis*, 2013 WL 4457408, at *2 . Defendant's admissions further demonstrate the objective unreasonableness of her stance in this litigation. Defendant's

counterclaim of co-authorship was without merit and lacked a factual basis to support it. As noted above, Defendant did not deny that Wakefield was the sole author of the screenplay. Additionally, while Defendant testified that she was promised either an unspecified amount of the net proceeds of the Film or a fifty percent ownership in the Film, Defendant did not demonstrate a manifestation of co-authorship intent. Defendant put forth several draft agreements that were never signed. The draft agreements "contain provisions that Wakefield is the owner of the copyright on the Film, was responsible for conceptualizing, formulating, writing the Film, had final decision-making authority over all aspects of production of the Film, and that the Film was written solely by Wakefield," as noted by the District Court. (ECF No. 56 at 15). With her own admissions and asserted evidence, the law with respect to Defendant's position was clear at the time Defendant pressed her arguments.

Regarding Defendant's motivation, there is some evidence of Defendant's improper motivation. Defendant's factual stances rendered meritless by her own admissions, coupled with Defendant's unsigned agreements that reflect the intent to provide Wakefield with full ownership of the copyright of the Film, undermine the possibility that Defendant was acting under a good faith believe that she was trying to enforce an oral contract of her copyright ownership. Indeed, in responding to this Motion, Defendant did not dispute the merits, but solely argued that Plaintiff's Motion should be denied in its entirety for failing to adhere to the Local Rules. Nonetheless, this factor carries little weight in light of the other factors heavily in favor of Plaintiff.

With regard to the need in particular circumstances to advance considerations of compensation and deterrence, "the district court should consider not whether the losing party can afford to pay the fees but whether the imposition of fees will further the goals of the Copyright Act.'" *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 843 (11th Cir. 1999). "To a great

extent, therefore, the need to advance considerations of compensation and deterrence goes hand in hand with the inquiry into the reasonableness of the parties' positions. . . . [A] party that presents only objectively unreasonable claims or defenses should not be encouraged in such conduct and, in fact, should pay the attorney's fees associated with the prevailing party's resulting necessary prosecution or defense." *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1245–46 (S.D. Fla. 2008). Under this factor, and as noted above, Defendant's unreasonable counterclaims and defenses weigh in favor of awarding fees as well.

Accordingly, upon review of the *Fogerty* factors, the undersigned recommends granting Plaintiff's Motion with respect to entitlement to fees incurred in its claim for a declaratory judgment and in defending against Defendant's counterclaim of declaratory relief.

In addition to attorney's fees, a prevailing party may recover costs, unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). "17 U.S.C. § 505 allows for the recovery of full costs if those costs are incidental and necessary to the litigation." *Pro. LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-CV-61376, 2015 WL 11570970, at *9 (S.D. Fla. July 22, 2015). The undersigned further recommends that the District Court find Plaintiff entitled to costs incurred that "are incidental and necessary to the litigation." *Id.*

### B. Florida's Civil Theft Statute

Under Florida Statutes § 772.11, "[a]ny person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts." Fla. Stat. § 772.11.

In a February 18, 2020 letter to Plaintiff's counsel, Defendant's former counsel acknowledged Defendant was in possession of some of Plaintiff's equipment and that the equipment would remain with her pending settlement negotiations. Defendant additionally testified in her October 29, 2020 state court deposition that, at the time of the deposition, Plaintiff's equipment remained in her apartment. The District Court found that Plaintiff was entitled to summary judgment on its claim for civil theft. In so finding, the District Court noted that Defendant knowingly kept Plaintiff's equipment and deprived Plaintiff of its use. Final Judgment was entered in Plaintiff's favor for civil theft, finding that Defendant violated Florida Statutes § 812.014. Thus, having proven by clear and convincing evidence that Plaintiff has been injured by a violation of § 812.014, the undersigned recommends that Plaintiff be found entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts incurred in in its claim for civil theft. *See Primerica Life Ins. v. Guerra*, No. 16-22330-CIV, 2017 WL 5713927, at *3 (S.D. Fla. Sept. 5, 2017), *report and recommendation adopted as modified*, No. 1:16-CV-22330-KMM, 2017 WL 5668045 (S.D. Fla. Sept. 21, 2017); *Servicios Aereos Platinum, C.A. v. Eagle Support Corp.*, No. 18-23050-CIV, 2020 WL 8277568, at *1 (S.D. Fla. Oct. 13, 2020), *report and recommendation adopted*, No. 18-CV-23050, 2021 WL 274451 (S.D. Fla. Jan. 27, 2021) ("Having obtained a default judgment on its civil theft claim against Defendants, Plaintiff is therefore entitled to recover its reasonable attorneys' fees and costs from them.").

### C.   Fees Incurred in State Court

Plaintiff argues in its Motion that it is entitled to fees incurred in the state court action that Defendant in this case initiated against Wakefield in June of 2020. *See Alesse v. Wakefield*, 2020-013277-CA-01 (Fla. 11th Cir. Ct.). Plaintiff argues that it is entitled to these fees under the Copyright Act, Florida Statutes § 772.11, Federal Rule of Civil Procedure 41(d), and 28 U.S.C. §

2202.  Plaintiff argues that it is entitled to the fees spent in the state court action because the same attorneys that represented *Wakefield* in the state court currently represent *Seventh Chakra* in this action under the same fee agreement.  Plaintiff represents that Seventh Chakra funded the litigation during the state-court action.

Plaintiff has the burden of establishing entitlement to attorney's fees.  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

Defendant initiated a state court action against Wakefield in June of 2020.  Defendant claimed fifty percent ownership interest in the Film.  The case was dismissed without prejudice in March 2021, in part, because the state court lacked jurisdiction over Defendant's copyright claims.  Plaintiff represents that the action was ultimately dismissed with prejudice because Defendant was given an opportunity to amend her complaint and did not do so.

Plaintiff has failed to show its entitlement to an award of attorney's fees for the state court action.  Plaintiff was not a party to the state court action.  Plaintiff asserts that the same attorneys represented Wakefield that represent Seventh Chakra in this case and, therefore, Plaintiff's attorneys were able to use many of the same resources used in state court in this action.  This does not negate that Seventh Chakra was *not* a party to the state court action, nor does the same counsel involved in both actions bridge that gap.  Plaintiff argues that it funded the state court litigation, but this also does not alter that Plaintiff was not a party to the state court action.  Plaintiff additionally does not provide any caselaw in support of the proposition that funding a litigation entitles a party to fees in a different litigation involving similar claims.  Plaintiff additionally does not argue that Plaintiff Seventh Chakra is the alter ego of Wakefield.  Accordingly, the undersigned recommends that Plaintiff be found to not have met its burden on entitlement for fees incurred in the state court action.

### D. Defendant's Response

Defendant originally did not file a Response to Plaintiff's Motion. The District Court ordered Defendant to respond or show cause why Plaintiff's Motion should not be granted by default. Defendant then filed a Response. In her Response, Defendant argued that Plaintiff's Motion should be denied in its entirety for failing to adhere to the Local Rules of the Southern District of Florida. Specifically, Defendant argues that Plaintiff failed to follow Local Rule 7.3(a)(4), (6), (7), and (8) because Plaintiff's motion is unverified, does not state the amount sought, fails to provide the identity and qualifications for each timekeeper, and fails to provide all invoices, fees, and non-taxable expenses. Because of these deficiencies, Defendant argues that Plaintiff's Motion should be denied in its entirety.

Plaintiff in its Motion acknowledges these requirements imposed by Local Rule 7.3 and requests to be excused from them as its instant Motion solely seeks a determination on entitlement to fees. The undersigned construes Plaintiff's request as a motion to bifurcate the entitlement phase from the fee amount phase for motions for attorney's fees. The undersigned recommends that that request be granted.

## III. RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Entitlement to Attorney's Fees and Costs or, Alternatively, Motion for Supplemental Relief (ECF No. 60) be **GRANTED, in part**, and **DENIED, in part**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Rodney Smith, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the

District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 15th day of October, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Rodney Smith
        All Counsel of Record