UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-CV-21286-SMITH

SEVENTH CHAKRA FILMS, LLC,

    Plaintiff,

v.

FRANCESCA ALESSE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on Plaintiff Seventh Chakra Films, LLC's Verified Motion for Amount of Attorneys' Fees and Costs (ECF No. 85).[1] Defendant Francesca Alesse filed a response (ECF No. 97), to which Plaintiff did not reply. The undersigned has reviewed the Motion, Response, and record as a whole and is otherwise fully advised.

On March 27, 2023, the District Court held that Plaintiff was entitled to a declaratory judgment that Seventh Chakra Films, LLC is the sole owner of all copyrights in the film, "1986: The Act" (the "Film"), and that Defendant's counterclaim for declaratory relief of co-ownership failed as a matter of law. (ECF No. 56). Plaintiff subsequently moved for entry of final judgment (ECF No. 59) and for entitlement to attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Fla. Stat. § 772.11 (ECF No. 60). The District Court entered final judgment declaring that Seventh Chakra Films, LLC is the sole owner of all copyrights in the Film, and that Defendant must revoke, withdraw, and/or cancel her competing copyright registration. (ECF No. 68).

---

[1] The Motion is referred to the undersigned by the Honorable Rodney Smith, United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida. (ECF No. 47).

On October 15, 2023, the undersigned issued a Report and Recommendation recommending that Plaintiff is entitled to attorneys' fees and costs incurred litigating in federal court its copyright claim for declaratory judgment and its Florida law claim for civil theft, and in defending against Defendant's counterclaim for declaratory relief. (ECF No. 83). No objections were filed, and the District Court adopted the Report and Recommendation. (ECF No. 84). With the Court having found that Plaintiff is entitled to attorneys' fees and costs, Plaintiff now moves for an award of $191,215.00 in attorneys' fees and $783.89 in recoverable costs. Defendant opposes the amount sought and asks that the Court award half of what Plaintiff seeks.

At a status conference conducted on August 30, 2024, I announced to the Parties my recommendation that Plaintiff receive an award of $95,607.50 in attorneys' fees—half of what Plaintiff requested—and explained the reasoning for that recommendation. I advised Plaintiff of its right to serve and file written objections to my Report and Recommendation and receive a *de novo* determination by the District Judge of its Motion. Plaintiff has now filed a Notice of Non-Objection to the Report and Recommendation Announced in Open Court. (ECF No. 99).

Accordingly, for the reasons stated in open court, the undersigned respectfully **RECOMMENDS** Plaintiff's Motion be **GRANTED in part**. The amount of fees Plaintiff should be awarded is $95,607.50. Regarding costs, Plaintiff only adduced proof of payment for one transcript that was ordered, in the amount of $140.40. No other costs were similarly substantiated. I recommend that Plaintiff be awarded the cost associated with ordering that hearing transcript. Accordingly, the total award for fees and costs combined that I recommend be awarded to Plaintiff in this matter is $95,747.90.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodney Smith, United States District Court Judge for the Southern District of

Florida, within **THREE (3) DAYS**[2] of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020). Any response to objections must be filed within **SEVEN (7)** days of the filed objections. *See* S.D. Fla. L.R. 4(b).

    **RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 4th day of September, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[2] The objection period is shortened in light of Plaintiff's Notice of Non-objection to this recommendation.